JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gordon Wilder

## DEFENDANTS
Wells Fargo & Company Long Term Disability Plan; Liberty Life Assurance Company of Boston

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hennepin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Console, Esq.; Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
(215) 545-7676

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)
Brief description of cause:
Plaintiff brings this action under ERISA for improper denial of long term disability benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE N/A
DOCKET NUMBER

DATE 3/16/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Bryn Mawr, PA 19010

Address of Defendant: 550 S. 4th Street, Minneapolis, MN 55415; 175 Berkley Street, Boston, MA 02116

Place of Accident, Incident or Transaction: Bryn Mawr, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Stephen G. Console, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/16/17          _____          36656
                       Attorney-at-Law                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/16/17          _____          36656
                       Attorney-at-Law                     Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gordon Wilder | : | CIVIL ACTION |
| v. | : | |
| Wells Fargo & Company Long Term Disability Plan and Liberty Life Assurance Company of Boston | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   [✓]

| 3/16/17 | /s/ | Stephen G. Console, Attorney for Plaintiff, Gordon Wilder |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2850 | console@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON WILDER<br>Bryn Mawr, PA 19010<br><br>                              Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY<br>LONG TERM DISABILITY PLAN<br>c/o Plan Administrator<br>550 S. 4th Street<br>Minneapolis, MN 55415<br><br>AND<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON<br>c/o Liberty Mutual<br>175 Berkley Street<br>Boston, MA 02116<br><br>                              Defendants. | CIVIL ACTION NO. |

## COMPLAINT

I.   **INTRODUCTION**

Plaintiff, Gordon Wilder, brings this action against Defendants Wells Fargo & Company Long Term Disability Plan ("Plan") and Liberty Life Assurance Company of Boston ("Liberty"), the insurer and Claims Administrator of the Plan. Plaintiff was approved for long term disability ("LTD") benefits on April 11, 2016, as he was determined disabled and entitled to LTD benefits by Defendants. Plaintiff was then improperly denied long term disability ("LTD") benefits by Defendants as of September 20, 2016, without improvement to his medical

condition, in violation of the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks reinstatement into the Plan, an order that Plaintiff is entitled to receive LTD benefits under the Plan going forward, all monies owed to Plaintiff for Defendants' improper denial of Plaintiff's LTD benefits, and attorneys' fees and costs.

II. **JURISDICTION**

1. This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. This action is brought under ERISA § 502(a), 29 U.S.C. § 1132(a). This Court also has subject matter jurisdiction pursuant to ERISA § 502(e)(1) and (f), 29 U.S.C. § 1132(e)(1) and (f).

2. This Court has personal jurisdiction over Defendants because each resides within the United States or is subject to service of process in the United States, pursuant to ERISA § 502 (e)(2), 29 U.S.C. § 1332(e)(2) which allows for nationwide service of process, and because each Defendant does business in this District.

3. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132 (e)(2) and under 28 U.S.C. § 1391.

4. Plaintiff has exhausted administrative remedies with respect to his claims for LTD benefits through the timely use of the Plan's internal appeal process, which internal appeal was denied.

III. **PARTIES**

5. Plaintiff, Gordon Wilder, is an individual and a citizen of the state of

Pennsylvania, and resides in Bryn Mawr, Pennsylvania.

6. Plaintiff is an employee of Wells Fargo & Company ("Wells Fargo"). As an employee of Wells Fargo, Plaintiff is and has been at all relevant times a "participant," within the meaning of ERISA, in the Plan.

7. Plaintiff is and has been at all relevant times a "covered person," entitled to benefits under the Wells Fargo & Company Long Term Disability Insurance Policy ("Policy").

8. Liberty insures the Plan, and Liberty issued the Policy to Wells Fargo.

9. The Plan is and has been at all relevant times an "employee welfare benefit plan," within the meaning of ERISA.

10. Liberty is the Claims Administrator for LTD benefits under the Plan, and is responsible for administering claims under the Plan.

11. As the Claims Administrator, Liberty is a fiduciary within the meaning of ERISA.

IV. **FACTUAL ALLEGATIONS**

12. Plaintiff began his employment with Wells Fargo in 1988. Plaintiff worked out of the Wells Fargo office in Philadelphia, Pennsylvania.

13. It is undisputed that Plaintiff has a serious heart condition, including cardiac problems and diagnoses that include, but are not limited to, chronic NYHA Class III congestive heart failure with deteriorations to Class IV that require hospitalization, carotid artery stenosis, pneumonia, chronic obstructive pulmonary disease, esophageal reflux, dyslipidemia, and hypothyroidism.

14. Plaintiff's symptoms include: sputum production; leg swelling; back pain; falls; joint pain; myalgia; neck pain; dizziness; tingling; tremors; weakness; and memory loss.

15. Plaintiff began receiving continuous care and treatment from his cardiologist, Dr. Sean C. Curran, for his medical conditions, involving symptoms of heart failure, following his heart attack in 2009. Plaintiff is also treated by cardiologist Dr. Stephen M. Chrzanowski.

16. Dr. Curran and Dr. Chrzanowski have reported that Plaintiff's active medical problems include: exertional dyspnea; ACC/AHA Stage C heart failure; constrictive pericarditis; aortic valve stenosis—aortic valve replacement; coronary artery disease; angina pectoris; aortic valve disorder; memory loss; persistent atrial fibrillation; diabetes mellitus; Hodgkin's disease; diabetic neuropathy; myocardial infarct; history of atrial fibrillation; hyperlipidemia; hypertension; hypercholesterolemia; shortness of breath; and worsening urinary retention leading to more fatigue and dyspnea.

17. Under the Plan, "'Disability' or 'Disabled' means: i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation."

18. Under the Plan, "'Material and Substantial Duties' means responsibilities

that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified."

19. Under the Plan, "'Own Occupation' means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the local economy."

20. Plaintiff was employed as a Divisional Manager. Plaintiff's job duties included traveling, training, and physical exertion.

21. As a result of Plaintiff's chronic and debilitating heart condition, by November 2, 2015, Plaintiff was no longer able to perform his job duties, and went out on short term disability leave.

22. Plaintiff was "disabled" within the meaning of the Plan because his heart condition rendered him unable to perform his job responsibilities.

23. Liberty recognized that Plaintiff was "disabled" within the meaning of the Plan and entitled to LTD benefits.

24. Liberty approved Plaintiff's claim for LTD benefits on April 11, 2016, and Plaintiff began receiving LTD benefits on May 3, 2016.

25. The United States Social Security Administration ("SSA") recognized that Plaintiff was "disabled," as of November 3, 2015, and Plaintiff became eligible to received SSA disability benefits in May 2016.

26. Liberty terminated Plaintiff's LTD benefits on September 20, 2016, even

though Plaintiff's medical condition did not improve or change.

27. Beginning in August 2016, Liberty conducted a review of Plaintiff's eligibility for LTD benefits.

28. During the review, Plaintiff's doctors opined that Plaintiff is unable to do his job.

29. As part of its review of Plaintiff's claim, Liberty retained a Vocational Specialist, Michelle Reddinger, to conduct an Occupational Analysis.

30. The Occupational Analysis was completed on September 19, 2016.

31. The Occupational Analysis concluded that Plaintiff's occupation includes both sedentary and light physical demand.

32. Liberty's Vocational Specialist determined that, "[w]ith a reasonable degree of vocational certainty, the typical physical demands of Plaintiff's occupation of Financial Institution Manager are most often both sedentary and light in physical demand, within both the local and national economies."

33. Liberty terminated Plaintiff's LTD benefits by letter dated September 20, 2016, despite no change in Plaintiff's medical condition and Plaintiff not having improved.

34. Plaintiff timely appealed Liberty's termination of his LTD benefits.

35. By letter dated January 10, 2017, Liberty maintained its decision to deny Plaintiff's LTD benefits ("Denial Letter").

36. Liberty mischaracterized and disregarded the evidence produced by and the conclusion contained in its own Vocational Specialist's Occupational

Analysis.

37. Liberty stated, in its Denial Letter, that "Liberty has concluded that Mr. Wilder can perform the occupational duties of his own occupation as it is normally performed in a sedentary capacity in the local economy, as it has been determined that his occupation is performed at both a sedentary and light physical demand level in the local and national economy."

38. In its Denial Letter, Liberty further asserted: "Based on the findings of the occupational analysis, Mr. Wilder would be able to perform his occupation in a sedentary physical demand level, we do acknowledge that his occupation is also performed at a light level of physical demand; however, Mr. Wilder would not be precluded from the occupation in a sedentary capacity."

39. Liberty misstated and misconstrued the Vocational Specialist's findings.

40. Liberty's stated reasons for denying Plaintiff LTD benefits are contrary to the record and the language of the Plan.

41. Based on the medical evidence, Plaintiff is incapable of performing work at a physical demand level greater than sedentary—and cannot perform sedentary work unless he is able to take "absence from work for management of episodes of decompensation."

42. Based on the Occupational Analysis, Plaintiff's occupation involves work "both sedentary and light in physical demand, within both the local and national economies."

43. Even in concluding that Plaintiff's occupation involves light physical

demand, Liberty's Vocational Specialist used a job description for an occupation (of Financial Institution Manager) that involves less physical exertion than Plaintiff's actual occupation (of Divisional Manager).

44. Plaintiff is disabled under the Plan because he is unable to perform the material and substantial duties of his own occupation, which, in the local economy, involve both sedentary and light physical demand work.

45. Liberty failed to consider Plaintiff's inability to perform the material and substantial duties of his own occupation, as it is performed in the local economy, because it is undisputed that Plaintiff's occupation requires light physical demand work, and Plaintiff is medically incapable of performing work at a physical demand level greater than sedentary.

46. Liberty failed to credit the conclusion of its own Vocational Specialist's Occupational Analysis, which determined that Plaintiff's own occupation involves work at both a sedentary and light physical demand level.

47. As a result of Liberty's denial of disability benefits, Plaintiff has been deprived of the income afforded under the Plan.

48. As a result of Liberty's denial of disability benefits, Plaintiff has incurred attorneys' fees and costs to enforce his rights under the Plan.

### COUNT I – Violation of ERISA §502(a)(1) (Denial of Long Term Disability Benefits)

49. Plaintiff incorporates herein by reference each of the preceding as if each were set forth herein in its entirety.

50. By committing the foregoing acts, Defendants have improperly denied Plaintiff benefits to which he is entitled, and therefore, have violated ERISA § 502(a)(1)(B).

51. Defendants' denial of Plaintiff's benefits under the Plan was arbitrary and capricious.

52. In addition, or in the alternative, Defendants' decision is not entitled to arbitrary and capricious review, and Defendants' denial of Plaintiff's benefits under the Plan was not justified under de novo review.

53. Defendants' determination was contrary to the language of the Plan.

54. Defendants' determination was contrary to the record evidence.

55. As a direct and proximate result of Defendants' violation of ERISA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

56. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' wrongful denial of LTD benefits unless and until this Court grants the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

a. declaring the acts and practices complained of herein to be in violation of ERISA;

b. ordering that Plaintiff be reinstated into the Plan;

9

c. ordering that Plaintiff receive benefits under the Plan going forward until such time as Plaintiff no longer meets the Plan's definition of "disability;"

d. awarding Plaintiff LTD benefits under the Plan, retroactive to September 20, 2016;

e. awarding Plaintiff costs and expenses of this action, together with reasonable attorneys' fees and interest;

f. granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: 3/16/17

BY: _____
Stephen G. Console (36656)
Emily R. Derstine Friesen (322455)
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2850

Attorneys for Plaintiff,
Gordon Wilder